# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA
and THE STATE OF CALIFORNIA,
ex rel. STEVEN HIGGINS,

      Plaintiffs,

v.

BOSTON SCIENTIFIC CORP.,

      Defendant.

Case No. 11-cv-2453 (JNE/SER)
ORDER

This matter is before the court on Defendant Boston Scientific Corporation's ("BSC") objections to Magistrate Judge Steven E. Rau's July 16, 2019 oral order compelling discovery of presentations BSC made to government officials. BSC also filed a motion for leave to file a reply brief. Having reviewed the record, the Court denies BSC's motion, overrules BSC's objections, and affirms the magistrate judge's ruling because it was neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).

## BACKGROUND

Relator Steven Higgins brought this *qui tam* action pursuant to 31 U.S.C. § 3730(b)(1) and (c)(3), alleging that BSC violated the federal False Claims Act, 31 U.S.C. § 3729(a)(1), and the California False Claims Act, Cal. Gov't Code § 12651(a). Higgins alleged that BSC, a company that develops, makes, and sells medical devices, caused physicians to make false claims for federal health care program

reimbursements by certifying that certain defibrillators were reasonable and necessary for the medical procedures during which the devices were implanted. *See, e.g.*, Am. Compl. ¶¶ 175, 182–83.

After Relator filed this action, the government conducted an investigation into Relator's allegations. During its investigation, the Department of Justice ("DOJ") issued a civil investigative demand ("CID") to BSC under 31 U.S.C. § 3733. BSC produced documents and made presentations to the government in response to this demand. The government ultimately declined to intervene. Prosecuting the case on the government's behalf, Relator requested all presentations, and documents related to any presentations, that BSC made to the government during its investigation. BSC responded to this request with several objections. Relator filed a motion to compel production of the presentations, which Magistrate Judge Rau granted from the bench at a hearing on the motion.

Magistrate Judge Rau held that neither the False Claims Act nor the Federal Rules of Evidence restricted discovery of the materials requested by Relator. Additionally, he held that BSC waived any claims to work-product or attorney-client privilege by intentionally disclosing the requested materials to an adversary, that the work-product doctrine does not protect materials used in litigation, and that the materials contain relevant information. *Id.* BSC now objects to this order, arguing that the materials are privileged and protected for public policy reasons. After Relator responded to BSC's objections, BSC requested leave to file a reply brief.

## STANDARD OF REVIEW

A magistrate judge's order on nondispositive pretrial matters should be reversed only if it is clearly erroneous or contrary to law. 28 U.S.C. § 363(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). This standard is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation marks omitted).

## DISCUSSION

BSC objects to the magistrate judge's order on four grounds, none of which identify a clear error.

First, BSC argues that settlement negotiations are subject to a heightened relevance standard in discovery under Federal Rule of Evidence 408. At trial, Rule 408 prohibits evidence contained in settlement negotiations from being admitted to prove a claim or to impeach another party. But the Rules of Evidence do not govern discovery. In discovery, parties may obtain "any nonprivileged matter that is relevant to any party's claim or defense" and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Some courts have

3

applied a heightened standard for discovery of confidential settlement-related communications while two circuit courts have rejected this approach. *Compare In re Teligent, Inc.*, 640 F.3d 53, 58 (2d Cir. 2011) (applying a heightened standard); *Young v. State Farm Mut. Auto Ins. Co.*, 469 F.R.D. 72, 76 (S.D. W. Va. 1996) (collecting cases) with *In re MSTG, Inc.*, 675 F.3d 1337, 1344 (Fed. Cir. 2012) (rejecting a heightened standard); *Doe No. 1 v. United States*, 749 F.3d 999, 1010 (11th Cir. 2014) (same).

The Eighth Circuit has not considered or adopted a heightened standard. Absent any binding authority applying a heightened discovery standard for settlement-related negotiations, the magistrate judge's application of the Rule 26(b)(1) relevancy standard was neither clearly erroneous nor contrary to law. The magistrate judge properly found that materials requested by Relator were discoverable because they were related to his claims about the medical devices at issue.

Second, BSC argues that public policy requires the court to protect communications between defendants and the government in *qui tam* cases. Citing a district court opinion and a statement of interest from DOJ in a similar case, BSC argues that the government will not be able to settle False Claims Act cases if a defendant's presentations to the government could later be revealed to relators. *See United States ex rel. Cairns v. D.S. Medical*, Case No. 1:12CV00004 AGF, 2016 WL 3198622, at *2 (E.D. Mo. June 9, 2016); Statement of Interest, *United States ex rel. Underwood v. Genentech, Inc.*, Civil Action No. 03–3983, 2010 WL 10020467 (E.D. Pa. Sept. 28, 2010).

The CID provisions of the False Claims Act, not DOJ's policy concerns in another case, govern the custody of documents shared with the government in this case. 31 U.S.C. § 3733(i). The statute prohibits the government from disclosing materials "while in the possession" of the government. *Id.* § 3733(i)(2)(C). While this provision prevents the government from disclosing materials, nothing in the statute prohibits the defendant from later disclosing those materials in discovery. *See id.* § 3733. Because the materials at issue here are being requested from BSC and not the government, the magistrate judge properly determined that their disclosure was not prohibited by the False Claims Act.

Third, BSC argues that the Eighth Circuit created an expectation of confidentiality for material provided to the government during an investigation and that the materials in this case are therefore protected from disclosure. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596 (8th Cir. 1977) (en banc). In *Diversified Industries*, the court held that the voluntary surrender of material protected by attorney-client privilege to a government agency was only a limited waiver that did not waive the privilege in future disputes. *Id.* at 611. Although the magistrate judge did not discuss this case in his order, his decision not to rely on the case was not clearly erroneous. *Diversified Industries* was specific to the attorney-client privilege and the Eighth Circuit has not extended this limited waiver doctrine beyond this type of privilege. *Id.* In fact, it has held that intentional disclosure to an adversary waives the work-product privilege. *See In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 860 F.2d 844, 846 (8th Cir. 1988). Therefore, *Diversified Industries* does not prohibit discovery here because BSC claims the materials are protected by the work-product doctrine, not attorney-client privilege. Additionally,

the disclosure of materials in *Diversified Industries* occurred in a separate SEC investigation. *Id.* By contrast, Higgins is prosecuting this case on the government's behalf and BSC's disclosure to the government occurred in the same litigation.

Fourth, BSC argues that the presentations to the government are privileged under the work-product doctrine. This privilege protects materials prepared in anticipation of litigation but is waived by intentional disclosure to an adversary. *Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998). Here, the magistrate judge was not clearly erroneous in finding that a waiver occurred because BSC's disclosure was intentional and made to an adversary in the same litigation. *See In re Chrysler*, 860 F.2d at 846–47. Although a relator is prosecuting this case on the government's behalf, the government remains BSC's adversary and BSC voluntarily disclosed the requested materials to it. That voluntary disclosure waived any claim to work-product privilege.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Boston Scientific Corporation's motion for leave to file a reply to Relator's opposition memorandum [Docket No. 267] is DENIED.

2. Defendant Boston Scientific Corporation's objections to Magistrate Judge Rau's order [Docket No. 253] are OVERRULED.

3. Magistrate Judge Rau's ruling on July 16, 2019 granting Relator's motion to compel [Docket No. 213] is AFFIRMED.

Dated: August 28, 2019
                                                s/ Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge