# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America and the State of California, *ex rel.* Steven Higgins,<br><br>Plaintiffs,<br><br>v.<br><br>Boston Scientific Corporation,<br><br>Defendant. | Case No. 11-cv-2453 (JNE/SER)<br><br><br><br>**ORDER** |

This matter is before the Court on Relator's Motion for Leave to Substitute Expert or, Alternatively, for Ruling that Expert is Acceptable as Rebuttal Expert. (ECF No. 301). Following another ruling of the Court, the parties were invited to submit a joint letter regarding the impact of developments in this case on the present motion. (ECF Nos. 315, 316). Based on the record before the Court, including the parties' submissions, the motion is denied.

## I. BACKGROUND

The Court's Third Amended Pretrial Scheduling Order sets the relevant deadlines: expert witnesses must be identified by August 30, 2019; expert witness written reports are due October 18, 2019; rebuttal expert witnesses must be disclosed by November 11, 2019; rebuttal expert reports are due December 6, 2019; and all expert witness discovery is due December 27, 2019. (ECF No. 278, at 1–2). All post-October 16, 2019 deadlines were extended at least 60 days. (ECF No. 313, at 30 n.15). The parties are each limited to four expert witnesses and four expert witness depositions. (ECF No. 278, at 4).

Relator identified four expert witnesses on August 30, 2019. (ECF No. 309-2). On October 5, 2019, Relator withdrew one expert witness, Casper Uldricks, and wishes to replace him with another expert, Dr. Lawrence Mayer. Relator sought Defendant's approval for the substitution but consent was withheld.

## II.   ANALYSIS

Relator is the "master of [his] own case and can designate or de-designate experts for trial." *Wreal LLC v. Amazon.com, Inc.*, 2015 WL 1281042, at *4 (S.D. Fla. Mar. 20, 2015). As such, Relator can de-designate Uldricks without leave of the Court or Defendant. The question that remains is whether Relator can now use his open expert witness slot for a new affirmative expert witness or only for a rebuttal expert witness.

Deadlines set by a pretrial scheduling order may be modified only for good cause and the court's leave. Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). The next inquiry is the prejudice to the nonmoving party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (8th Cir. 1992). Courts are afforded "broad discretion in establishing and enforcing deadlines and in maintaining compliance with discovery and pretrial orders." *In re Baycol Prod. Litig.*, 596 F.3d 884, 888 (8th Cir. 2010).

Here, the pretrial scheduling order sets a very specific timeline for expert witness disclosures, reports, and rebuttal disclosures and reports. Relator missed the deadline to identify Dr. Mayer as an affirmative expert witness. The Court sees no diligence in Relator trying to meet that deadline. In fact, Relator's proffered reasoning "is based, in significant

part, on the expert disclosures made by Defendant." (ECF No. 301 ¶ 3). Relator cannot look at Defendant's disclosures and then opt for a re-do on his affirmative expert disclosures.[1] Because the Court does not find diligence in meeting the deadline with respect to identification of Dr. Mayer as an expert, it need not consider any prejudice to Defendant.

Because Relator has de-designated Ulricks as an expert he now has one open expert witness slot to use for a rebuttal expert, be that Dr. Mayer or someone else. The parties both improperly ask the Court to weigh in on whether Dr. Mayer is an appropriate rebuttal expert witness. There is no basis for the Court, at this time, to prevent Dr. Mayer from being identified as Relator's rebuttal expert witness. The Court will not provide the parties with an anticipatory or advisory ruling on testimony that has not yet been generated in response to expert reports that have not been provided.

One last matter warrants comment. Defendant requests, in response to Relator's motion, the ability to depose James O'Reilly. O'Reilly was cited in Relator's Second Amended Complaint as an expert. Relator has not identified O'Reilly as an expert witness, however, so he qualifies as a non-testifying expert and any discovery related to him is heavily restricted by Rule 26(b)(4)(D). *See Court v. LLB GYM, LLC*, 2018 WL 3156800, at \*2 (E.D. Pa. June 28, 2018) (explaining the difference between testifying and non-testifying experts). Thus, Defendant's request for a fifth expert deposition aimed at O'Reilly is denied.

---

[1] The Court has also considered whether Relator's ability to meet the deadline for disclosing Dr. Mayer was impeded by Defendant's discovery conduct outlined in the October 16, 2019 Order. (ECF No. 313). Given that Dr. Mayer would opine on matters related to data regarding patients receiving Cognis or Teligen implants rather than any FDA reporting matters, there was no impediment to Relator identifying Dr. Mayer as an expert witness in a timely fashion.

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that Relator's Motion for Leave to Substitute Expert or, Alternatively, for Ruling that Expert is Acceptable as Rebuttal Expert, (ECF No. 301), is **DENIED**.

Dated: November 5, 2019
                                        *s/ Tony N. Leung*
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota

                                       *Higgins v. Boston Scientific*
                                       Case No. 11-cv-2453 (JNE/SER)