# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America and State of California, *ex rel.* Steven Higgins, | Case No. 11-cv-2453 (JNE/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Boston Scientific Corporation, | |
| Defendant. | |

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Relator's Motion Concerning Defendant's Confidentiality Designations (ECF No. 430). In this motion, Relator challenges Defendant's "blanket" and "improper" confidentiality designations. (Relator's Mem. in Supp. at 1, ECF No. 431.) Relator asks the Court to: (1) find that approximately 1,150 documents are not confidential under the protective order entered in this case; (2) direct Defendant to reproduce those documents without confidentiality designations; and (3) direct Defendant to identify specific portions of deposition transcripts that it wishes to designate as confidential. (ECF No. 430; *see also* Relator's Mem. in Supp. at 7-8 (identifying the number of "subject documents" in dispute).)

A hearing was held on this motion before the undersigned on March 10, 2021. (ECF No. 509.) For the reasons outlined below, the Court denies Relator's motion.

# I. BACKGROUND

In March 2018, after the parties stipulated to its entry (*see* ECF No. 123), the Court entered a protective order in this matter. (ECF No 127.) This protective order outlined the process for designating confidential documents, as well as categories of information that could be designated as confidential by a party or non-party. (*Id.* ¶ 2.) The protective order also outlined the process for changing a confidential document's designation. (*Id.* ¶ 9.) This included the provision that "[a] party who cannot obtain agreement to change a designation may move the Court for an order changing the designation . . . The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c)." (*Id.* ¶ 9(d).)

Discovery commenced, and Defendant began producing documents to Relator in May of 2018. (Chambers Decl. ¶ 2, ECF No. 439.) Defendant completed the bulk of its production of documents in response to Relator's initial document requests by April 2019 and has to date produced nearly 100,000 documents to Relator. (*Id.* ¶ 4.) Defendant acknowledges that it "designated many, but not all, documents as confidential under the protective orders in force in this case." (*Id.* ¶ 3.)

In July of 2019, the parties stipulated to, and the Court entered, the Second Amended Protective Order. (ECF No. 225.) The scope of what information could be treated as confidential and the mechanism for challenging a party's confidential document did not change. (*See id.*)

On July 16, 2019, the parties appeared for a hearing on two motions filed by Relator and a status conference in front of the Honorable Magistrate Judge Steven E. Rau.[1] (ECF No. 244.) During this hearing, Defendant raised a concern regarding the use of confidential documents prior to depositions. (*See* July 16, 2019 Hrg. Tr. ("Hrg. Tr.") 39:11-41:20, Ex. A to Chambers Decl., ECF No. 439-1.)[2] In responding to that concern, counsel for Relator addressed their concern that Defendant was over-designating documents as confidential. A discussion between Relator's counsel and Magistrate Judge Rau followed, in relevant part:

> Mr. DeSantis: But the problem here is that the documents that we're talking about are not confidential. The Defendant has used and abused the confidentiality designation process by designate –
>
> The Court: Okay. But if there – if there should have been a challenge to whether a document is designated as confidential and there wasn't, and now this is an issue, that horse is out of the barn.
>
> \*\*\*
>
> Mr. Miller: [Relator] tried to work with [Defendant] and say hey, you guys have designated 99 percent of your documents as confidential, even though most of them are more than 10 years old, and don't relate to technology that even exists.
>
> The Court: But that's a challenge that should have been made under a protective order a long time ago.

(*Id.* 42:2-9; 42:22-43:3.) After further discussion on this issue, Magistrate Judge Rau concluded that while Defendants had probably designated too many documents as

---

[1] This case was reassigned to the undersigned on November 14, 2019, following the passing of Magistrate Judge Rau. (ECF No. 331.)
[2] The transcript of this hearing is also available at ECF No. 249.

confidential that he would not review those designations because "if you challenge confidentiality designation[s] . . . that should be done at the beginning of the case and not at the end of the case." (*Id.* 51:4-11.)

The parties continued to dispute confidentiality designations throughout 2020 without the Court's involvement. (*See, e.g.*, Relator's Mem. in Supp. at 5-7; Def.'s Mem. in Opp'n at 5-11, ECF No. 438.) Relator outlined a final agreement between the parties regarding the dispute on confidentiality designations in its Unopposed Motion to Modify the Scheduling Order with Respect to Challenging Confidentiality Designations, which it filed in December 2020. (ECF No. 401.) This agreement included that Relator would identify, for Defendant's review, a "reasonable number of Confidentiality Designations" he believed were inappropriate and which he planned on using in connection with his dispositive motions and/or at trial. (*Id.* at 2.) Unresolved disagreements could be brought before the Court after February 1, 2021. (*Id.*; *see also* Ninth Am. Pretrial Scheduling Order at 5, ECF No. 402 (setting February 12, 2021 as the deadline for the parties to file motions challenging confidentiality designations under the protective order).) Relator filed the present motion on February 12, 2021. (ECF No. 430.)

The deadline to complete fact discovery in this case was July 30, 2019. (*See, e.g.*, Ninth Am. Pretrial Scheduling Order at 3.) The expert discovery deadline was December 18, 2020. (*Id.*) The deadline to file dispositive motions in this case was March 1, 2021. (*Id.* at 5.) Both parties filed dispositive motions on that deadline. (*See* ECF Nos. 441, 449, 451, 459, 471, 479, 486.) Both parties have likewise filed sealed documents in connection with those motions. (*See. e.g.*, ECF No. 452, 456, 464.)

## II. ANALYSIS

Relator has asked the Court to review over 1,000 documents in order to determine whether or not Defendant properly classified them as confidential. The Court declines to undertake this task for multiple reasons.

First, this request is untimely. Defendant "substantially completed its production of documents" two years ago, by April 2019. (Chambers Decl. ¶ 4.) Fact discovery closed approximately two months later, on July 30, 2019. (*See* Ninth Am. Pretrial Scheduling Order at 3.) Perhaps most importantly, in July 2019, Magistrate Judge Rau found Relator's general objections to Defendant's confidentiality designations untimely. (*See* Hrg. Tr. 43:2-3 ("[T]hat's a challenge that should have been made under a protective order a long time ago."); 51:4-5 ("I'm not going to go through these confidentiality designations."); 51:9-11 (challenges to confidentiality designations "should be done at the beginning of the case not at the end of the case.").) The Court agrees with Judge Rau's reasoning, and finds that it is too late for Relator to require the Court to go through volumes of documents to assess Defendant's general designation practices on the eve of dispositive motion hearings.

Second, Relator has not asserted that Defendant's purported overuse of confidentiality designations denied him of the ability to prepare for depositions or dispositive motions. This was suggested in Defendant's responsive motion (*see* Def.'s Mem. in Opp'n at 6-7 (detailing the review of deposition exhibits that had been designated as confidential by Defendant)) and confirmed by counsel for both parties at the hearing on this motion. Relator has had full access to the confidential documents and thus has not been prejudiced by the designations.

5

Third, the local rules anticipate the Court's final review of documents filed under temporary seal in connection with the dispositive motions filed in this case. This includes which documents may be filed under seal and the procedure for filing under temporary seal. *See* D. Minn. LR 5.6 (c)-(d). Should Relator persist in his position that many of the documents filed in connection with the dispositive motions are improperly designated, he may bring this to the attention of the Court in an appropriate joint motion regarding continued sealing. *See id.* at (d)(2)(ii)-(iii) (providing that the parties shall identify information they think should be unsealed and the reasoning for their position(s), regardless of whether or not they agree).[3] In the event Relator disagrees with the Court's determination that certain documents should remain sealed, he may seek further consideration and review. *See id.* at (d)(3)-(4).

While the Court denies Relator's motion for the reasons detailed above, it encourages both parties to work together on the issue of continued sealing of the documents that have been filed under temporary seal. The Court takes seriously Local Rule 5.6 and its purpose. *See* 2017 Advisory Committee Note to LR 5.6.

### III. ORDER

Therefore, based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Relator's Motion Concerning Defendant's Confidentiality Designations (ECF No. 430) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

---

[3] Any future joint motion made pursuant to Local Rule 5.6 before the undersigned shall conform to Exhibit A attached hereto. Counsel shall provide the Court with two courtesy copies of the unredacted information highlighted in yellow.

3. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April  27 , 2021

                *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*Higgins v. Boston Scientific Corp.*
Case No. 11-cv-2453 (JNE/TNL)

# EXHIBIT A
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
|---|---|---|---|---|---|---|---|
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |