UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America and the State
of California, ex rel. Steven Higgins,

    Plaintiffs,

    v.                                      Case No. 11-cv-2453 (JNE/TNL)
                                              ORDER
Boston Scientific Corp.,

    Defendant.

This case is before the Court on Relator's objections to the magistrate judge's order excluding testimony by Dr. Lawrence Mayer. For the reasons discussed below, the objections are overruled and the magistrate judge's order is affirmed.

On April 28, 2021, the Honorable Tony N. Leung, United States Magistrate Judge, granted Defendant's Motion to Strike and Exclude the Testimony of Lawrence Mayer. The background of this dispute is detailed in the magistrate judge's order. In short, Defendant offered testimony of an expert witness, Dr. Kenneth Ellenbogen, who opined that Version 1 of the medical devices in this case were safe and effective based on his clinical experience. Relator offered, as rebuttal, the testimony of an epidemiologist and biostatistician, Dr. Mayer, who conducted a statistical analysis to determine that there was a higher mortality rate for patients with Version 1 devices as compared to patients with Version 2 devices.

After the deadline for disclosing expert witnesses passed, Relator moved to substitute one of his experts with Dr. Mayer. The magistrate judge denied the motion on

the basis that Relator was not diligent in meeting the disclosure deadline. Relator then tried to submit Dr. Mayer's testimony as rebuttal to Dr. Ellenbogen. The magistrate judge concluded that Dr. Mayer's report was not proper rebuttal because it compared the relative safety of Version 1 and Version 2 devices whereas Dr. Ellenbogen's report concerned the safety and effectiveness of only Version 1 devices. The magistrate judge found that Relator's failure to disclose Dr. Mayer as an expert before the deadline was neither justified nor harmless. *See* Fed. R. Civ. P. 26(a)(2)(A). As a sanction for that failure to disclose, the magistrate judge struck and excluded Dr. Mayer's testimony. *See* Fed. R. Civ. P. 37(c)(1).

Relator filed timely objections and Defendant responded. When a party objects to a magistrate judge's order on a nondispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); LR 72.2(a)(3).

First, Relator argues that the magistrate judge's order was contrary to law because it noted that Dr. Mayer could have been offered as an affirmative witness. The Eighth Circuit has explained that where testimony "would have been more appropriate as part of the case-in-chief, that fact 'does not preclude the testimony if it is proper both in the case-in-chief and in the rebuttal.'" *Everett v. S.H. Parks & Assocs., Inc.*, 697 F.2d 250, 252 (8th Cir. 1983) (quoting *United States v. Luschen*, 614, F.2d 1164, 1170 (8th Cir. 1980)). The magistrate judge did not find that Dr. Mayer's testimony was improper only because it could have been affirmative testimony. The magistrate judge concluded that Dr.

2

Mayer's testimony was not responsive to Dr. Ellenbogen's and, therefore, was not proper rebuttal. This analysis considered whether Dr. Mayer's report was "intended solely to contradict or rebut evidence on the same subject matter identified by another party" and was not contrary to law. Fed. R. Civ. P. 26(a)(2)(D)(ii).

Next, Relator argues that the magistrate judge left out an element of the standard for determining whether testimony is proper rebuttal. According to Relator, the magistrate judge misstated the law by failing to note that "rebuttal evidence may be used to challenge the evidence or theory of an opponent." *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). But the magistrate judge's order quoted the very line from *Marmo*, in full, that Relator argues was misstated. *See* Mag. J. Order at 4. Furthermore, the substance of the magistrate judge's analysis considered Dr. Ellenbogen's evidence and theories. Relator's problem is not that the magistrate judge misquoted the law, but that Dr. Mayer's testimony does not contradict or rebut Dr. Ellenbogen's.

Relator also explains that a rebuttal witness may use "new testing or methodologies." *Huawei Techs., Co. Ltd. v. Samsung Elecs. Co., Ltd.*, 340 F. Supp. 3d 934, 995 (N.D. Cal. 2018). Here, the problem the magistrate judge identified was not simply that Dr. Mayer used a different methodology than Dr. Ellenbogen. The problem was that Dr. Mayer introduced an entirely new theory: that mortality rates were higher for patients with Version 1 devices than those with Version 2 devices. Relator also argues that Dr. Ellenbogen was performing rudimentary statistical analysis based on his personal experience. Even if this creative interpretation of Dr. Ellenbogen's report is true, it does

3

not change the fact that Dr. Mayer made no conclusion about the safety of Version 1 and only pointed out a statistical difference in mortality rates between the two devices.

Finally, Relator argues that the magistrate judge erred by failing to consider that Dr. Lawrence Rosenthal, another expert witness, used Dr. Mayer's statistical analysis to challenge Dr. Ellenbogen's testimony. The fact that a properly disclosed expert considered Dr. Mayer's analysis does not transform Dr. Mayer's testimony into proper rebuttal. The magistrate judge did not clearly err by evaluating Dr. Mayer's testimony on its own terms.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Relator's Objections to Magistrate Judge Leung's April 28, 2021 Order [ECF No. 570] are OVERRULED.

2. The magistrate judge's April 28, 2021 Order is AFFIRMED.

Dated: June 2, 2021

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge