## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America and the State of California, *ex rel.* Steven Higgins, | Case No. 11-cv-2453 (JNE/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Boston Scientific Corporation, | |
| Defendant. | |

Daniel R. Miller and Jonathan Z. DeSantis, Walden Macht & Haran LLP, 2001 Market Street, Suite 2500, Philadelphia, PA 19103; Joy P. Clairmont, Susan S. Thomas, and William H. Ellerbe, Berger Montague PC, 1818 Market Street, Suite 3600, Philadelphia, PA 19103; and E. Michelle Drake, Berger Montague PC, 43 Southeast Main Street, Suite 505, Minneapolis, MN 55414 (for Relator Steven Higgins); and

Frederick Robinson and Lesley Reynolds, Reed Smith LLP, 1301 K Street Northwest, Suite 1100 – East Tower, Washington, DC 20005; Caitlin Chambers, Reed Smith LLP, 811 Main Street, Suite 1700, Houston, TX 77002; and Allison Lange Garrison, Norton Rose Fulbright US LLP, 60 South Sixth Street, Suite 3100, Minneapolis, MN 55402 (for Defendant Boston Scientific Corporation).

## I. INTRODUCTION

This matter is before the Court, the Honorable Tony N. Leung, on Relator's Fee Petition Arising from Sanctions Order (ECF No. 379). Following the Court's Order granting in part and denying in part Relator's Motion for Sanctions (ECF No. 354), which awarded Relator certain costs and fees, the parties informed the Court that they were unable to resolve the issue of how much Relator should be awarded in costs and fees. (*See* Case Mgmt. Order, ECF No. 378.) The Court set a briefing schedule. (*Id.*) Based on the

1

following, the Court grants in part and denies in part Relator's petition, and awards Relator

reasonable costs and fees in the amount of $68,431.48.

## II. BACKGROUND

A complete procedural history of Relator's Motion for Sanctions (ECF No. 281)

(hereinafter "Sanctions Motion") can be found in a previous order (hereinafter "Sanctions

Order"). *See United States ex. rel. Higgins v. Boston Sci. Corp.*, No. 11-cv-2453

(JNE/TNL), 2020 WL 968218, at *1 (D. Minn. Feb. 28, 2020).[1]  The undersigned heard

oral argument on the Sanctions Motion after a prior order (hereinafter "Oct. 16 Order")

awarding sanctions was vacated by the Honorable Joan E. Ericksen, District Judge for the

United States District Court for the District of Minnesota. *See id.*  ("The Oct. 16 Order

was vacated to permit for oral argument and reconsideration . . . [the order vacating the

Oct. 16 Order] made no decision as to the merits of the Oct. 16 Order." (citations omitted)).

The Sanctions Order also details the factual history of the case, and the bases for the

Sanctions Motion. *Id.* at *1-8.  The Court ultimately determined that Defendant violated

Rule 26 by failing to disclose timely certain witnesses in its initial disclosures. *Id.* at *10-

11; *see also id.* at *13 ("Boston Scientific's Rule 26(a)(1) disclosure failures were harmful

and prejudicial to Relator.").  The Court imposed various sanctions on Defendant. *Id.* at

*13-15.  Relevant to the fee petition (hereinafter "Fee Petition") currently at issue, the

Court ordered Defendant "to pay all Relator's reasonable costs and attorney's fees related

to briefing and arguing the sanctions motion." *Id.* at *15 (citing Fed. R. Civ. P. 37(c)(1);

---

[1] Also available at ECF No. 354.

Fed. R. Civ. P. 37(b)(2)(A).)  The Court further noted, however, that while it would award Relator "all his reasonable costs and fees for having to bring the sanctions motion," it would not award costs and fees related "to past or future discovery." *Id.*

On August 13, 2021, Judge Ericksen granted Defendant's Motion for Summary Judgement, ending this litigation.  (ECF No. 588.)  The matter of the Fee Petition, however, remains.

This Court retains jurisdiction to issue an order awarding costs and fees under Rule 37.  Both federal statutes and the Federal Rules of Civil Procedure guide magistrate judges in the scope of their authority.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  The authority of a magistrate judge to determine a matter by way of an order turns generally upon whether the motion is considered "dispositive" or "nondispositive."  *Robinson v. Eng*, 148 F.R.D. 635, 639 (D. Neb. 1993) (citing 28 U.S.C. § 636(b)(1)(A)).  As the monetary amount of the sanction award does not dispose of a claim, it is nondispositive and the Court will rule by way of an order.  *See Smith v. Bradley Pizza, Inc.*, No. 17-cv-2032 (ECT/KMM), 2019 WL 2448575, at *10-11 (D. Minn. June 12, 2019) (reviewing a magistrate judge's order awarding fees pursuant to Rule 37(b)(2)).

"Although Section 636(b)(1)(A) speaks in terms of 'pretrial' matters, courts have consistently found that a magistrate judge has jurisdiction to issue a post-trial (or post-dismissal) order on a motion for sanctions where the basis for sanctions arose in the case's preliminary stages, unless the nature of the sanction is dispositive of a party's claim or defense."  *Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV-LENARD/GOODMAN, 2018 WL 11227736, at *4 (S.D. Fla. Dec. 20, 2018) (collecting

cases); *see also BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994) (discussing Rule 37 sanctions awarded post judgment); *Merrit v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. 1981) ("Since discovery issues are by definition pretrial matters, the magistrate possessed authority under 28 U.S.C. § 636(b)(1)(A) to assess reasonable expenses and attorney's fees under Rule 37(a)(4), even after judgment was rendered in the case.").  It also remains to be seen whether this case will be appealed to the Eighth Circuit.  Even if it is, however, the Eighth Circuit is one of several circuits to "have held that a district court retains jurisdiction over 'collateral' matters, such as . . . motions requesting attorney's fees, even though final judgment on the underlying action has been entered." *Robinson*, 148 F.R.D. at 638 (collecting cases); *cf. American Modern Home Ins. Co. v. Thomas*, No. 4:16 CV 215 CDP, 2019 WL 3976355, at *8-10 (E.D. Mo. Aug. 22, 2019) (discussing and ruling on a sanctions motion related to discovery violations post-trial).  The Court thus proceeds with analyzing the Fee Petition.

## III. ANALYSIS

Relator seeks a total of $114,086.88 in fees, expenses, and so-called "fees-on-fees." Relator seeks $73,194.50 for fees and costs[2] related to the Sanctions Motion.  (Mem. in Supp. at 8, ECF No. 380.)  In addition, Relator seeks $40,892.38 for so-called "fees-on-fees" incurred in connection with time expended preparing the Fee Petition and replying to Defendant's memorandum in opposition to the Fee Petition.  (*See* Miller Decl. ¶¶ 7 & 11, ECF No. 396.)

---

[2] Relator uses the term "expenses" in his briefing and other documents.  The Court uses the terms "costs" and "expenses" interchangeably in this Order.

Defendant challenges Relator's Fee Petition, arguing that the requested hourly rates are unreasonable; the hours expended by Relator's counsel are unreasonable; the requested costs and expenses are unreasonable, excessive, and inadequately documented; and the lodestar should be reduced for Relator's lack of success on the motion. (*See generally* Mem. in Opp'n, ECF No. 387.) It argues that Relator is entitled to no more than $32,000. (*Id.* at 30.)

"Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *NutriQuest, LLC v. AmeriAsia Imports LLC*, No. 18-cv-390 (NEB/KMM), 2018 WL 5785952, at *1 (D. Minn. Nov. 5, 2018) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980)) (additional citation omitted). In this case, the Court sanctioned Defendant by ordering it to pay Relator's reasonable costs and attorney's fees related to briefing and arguing the Sanctions Motion. *Higgins*, 2020 WL 968218, at *15.

### A. Fees and Expenses Related to the Sanctions Motion

Relator initially presented a demand to Defendant of $81,429.88 in fees and expenses for 128.5 hours of work. (Mem. in Supp. at 5-6; *see also* Ex. 2 to Clairmont Decl., ECF No. 383-2.) This included time for briefing the issues in the August 2019 status letter to the Court, preparation of the Sanctions Motion, responding to Defendant's objections to the Oct. 16 Order, and oral argument before the undersigned. (*Id.* at 4-6.) After a breakdown in negotiations, the Court ordered briefing on the issue. (ECF No. 378.) Below is a copy of a chart supporting this total provided by Relator's counsel:

5

| Timekeeper | Position | Years of Experience | Rate | Hours | Total |
|---|---|---|---|---|---|
| David Filbert | Paralegal | 24 | $345.00 | 1.7 | $586.50 |
| Dan Miller | Partner | 28 | $773.82 | 39.1 | $30,256.50[3] |
| Joy Clairmont | Partner | 22 | $645.00 | 2.5 | $1,612.50 |
| Jonathan DeSantis | Associate | 7 | $465.00 | 55 | $25,575.00 |
| Susan Thomas | Partner | 40 | $790.00 | 19.4 | $15,326.00 |
| William Ellerbe | Associate | 8 | $510.00 | 10.8 | $5,508.00 |
| NET | | | | 128.5 | $78,864.50 |
| EXPENSES | | | | | $2,565.38 |
| TOTAL | | | | | $81,429.88 |

(Ex. 2 to Clairmont Decl.; *but see* Clairmont Decl. ¶ 12, ECF No. 383 ("As shown in Exhibits 1 and 2, the total lodestar incurred . . . for work related to the Sanctions motion, based on current rates, amounts to $78,864.38.")

Relator's counsel states they have exercised billing judgment by reviewing their time entries and voluntarily reducing by 50% entries which counsel for both parties identified as vague, unrelated to the Sanctions Motion, or included time related to the Sanctions Motion as well as other issues included in the August status letter sent to the Court. (Mem. in Supp. at 22-24.) Relator now seeks $73,194.50 "for the fees and expenses

---

[3] For reasons unexplained by Relator, it appears that he rounded to the nearest half-dollar, which also affected the final net fees calculation. (*See* Ex. 2 to Clairmont Decl.) All values in this chart are the ones presented to the Court by Relator and reflect their request for $81,429.88. (*Id.*)

incurred in relation to the Sanctions Motion."[4]  (Relator's Mem. in Supp. at 8; *see also id.* at 24.[5])

District courts have "broad discretion" in awarding attorney's fees.  *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).  "Where attorney fees are appropriate, courts typically use the 'lodestar' method for calculating a reasonable award." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018). "The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Id*. (quotation omitted). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

### 1. Hourly Rates

"[A] reasonable hourly rate generally means the ordinary fee for similar work in the community." *Little Rock Sch. Dist. v. State Ark. Dep't of Educ.*, 674 F.3d 990, 997 (8th Cir. 2012) (quotation marks and citations omitted).  "Sometimes, where particular legal specialization is required, courts may consider a national billing rate."  *In re RFC*, 399 F. Supp. 3d 827, 846 (D. Minn. 2019) (citing *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993)).  Relator "bears the burden of producing satisfactory evidence—in addition to

---

[4] In addition to these fees and expenses, Relator also seeks so-called "fees-on-fees" that will be discussed in Section III(B), *infra*.

[5] For purposes of analyzing the fees portion of Relator's request for fees and expenses, the Court must do some initial calculations.  As is written on page 24 of Relator's memorandum in support of the Fee Petition, Relator exercised his billing judgment by applying the reduction of $8,234.50 to the *entire* value of fees and expenses he initially sought.  (*See* Mem. in Supp. at 24 ("Consequently, in the exercise of billing judgment, Relator will voluntarily reduce his request for these entries by 50%, *i.e.* Relator seeks only $8,234.50 for this attorney time ($16,469 x .5 = $8,234.50).  Thus, this Fee Petition seeks $73,194.50 ($81,429 – $8,234.50 =73,194.50)." (footnote omitted).)  This is somewhat confusing, as Relator's request for recovery of $2,565.38 in expenses remains unchanged.  The Court will thus do its own math and subtract the $8,234.50 from Relator's initial proposed fee amount of $78,864.50, which results in $70,630 in requested fees ($78,864.50 - $8,234.50 = $70,630).  $70,630 in requested fees plus $2,565.38 in costs equals $73,195.38 in requested fees and expenses.

the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Midwest Disability Initiative v. Nelmatt, LLC*, 334 F. Supp. 3d 1047, 1051 (D. Minn. 2018) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)) (additional citation omitted).  This Court may rely on its own experience and knowledge of prevailing market rates to determine whether the rates sought are reasonable. *See Hanig*, 415 F.3d at 825.

Relator identifies the following hourly rates for his counsel: $345 for paralegal David Filbert (24 years of experience); $773.82 for partner Dan Miller (28 years of experience); $645 for partner Joy Clairmont (22 years of experience); $465 for associate Jonathan DeSantis (7 years of experience); $790 for partner Susan Thomas (40 years of experience); and $510 for associate William Ellerbe (8 years of experience).[6]  (Mem. in Supp. at 6-7; *see also* Clairmont Decl.; Ex. 2 to Clairmont Decl.)  In support of these rates, Relator submitted a declaration by its counsel which generally described the work performed on the Sanctions Motion (Clairmont Decl.); a time report of the relevant work completed, which amounts to 87 time entries for the six timekeepers (Ex. 1 to Clairmont Decl., ECF No. 383-1); and a record of expenses incurred in bringing the motion and traveling to Minneapolis for oral argument.  (Ex. 3 to Clairmont Decl., ECF No. 383-3.)

Relator also submitted two additional declarations: one of Jeremy L. Friedman, who was hired by counsel "to provide opinion testimony regarding the  legal marketplace for

---

[6] Mr. Filbert, Ms. Clairmont, Ms. Thomas, and Mr. Ellerbe are employed by Berger Montague PC.  Mr. Miller and Mr. DeSantis, formerly of Berger Montague, are now employed by Walden Macht & Haran LLP.  (*See* Clairmont Decl.)

legal services by attorneys" who focus their practice on False Claims Act ("FCA") cases (ECF No. 384); and one of Susan M. Coler, a Minneapolis attorney and partner at Halunen Law who represents whistleblowers in FCA cases.  (ECF No. 385.)  Lastly, Relator submitted two court decisions addressing the issue of attorney's fees: a 2020 post-settlement FCA case from the District of New Jersey where Boston Scientific was also the defendant; and a 2019 case from this district which awarded attorney's fees and costs incurred in obtaining confirmation of an arbitration award and defending against a motion to vacate the same award.[7]  (ECF Nos. 381-1, 381-2.)

Relator first argues that the requested hourly rates are reasonable, as "the specialized skills and experience needed to litigate FCA cases requires relators to search for counsel across the country."  (Mem. in Supp. at 15-16 (citing *Casey*, 12 F.3d at 805); *see also id.* at 17 ("the relevant market is the national legal community of *qui tam* attorneys with sufficient skill and experience to handle an FCA case of this complexity and magnitude").)  Relator alternatively argues that the requested rates are reasonable in the Minneapolis market, and also maintains that the contingent nature of counsel's representation should be considered when analyzing counsels' hourly rates for reasonableness.  (*Id.* at 19-22.)

In support of Relator's rates, Mr. Friedman outlines his personal experience with FCA cases, including his work on statutory fee disputes.  (Friedman Decl. ¶¶ 2-8.)  He notes, "[w]hile the number of experienced *qui tam* attorneys has increased in recent years,

---

[7] Relator also submitted an additional declaration and five additional exhibits with his reply memorandum.  (ECF Nos. 396, 395-1, 395-2, 395-3, 394-4, 395-5.)  These filings mainly address Relator's request for fees associated with litigating the Fee Petition, along with evidence that rebuts arguments made by Defendant in its responsive memorandum.  Relator's request for fees associated with litigating the Fee Petition is discussed *infra*, Section III(B).

there still remains a relatively small pool of attorneys nationwide who have the specialized skills and knowledge base to lead these cases to their conclusion," which necessarily means that "relators searching for attorneys capable and willing to undertake their cases must search around the country." (*Id.* ¶ 10; *see also id.* ¶ 11 ("The legal marketplace for qualified *qui tam* attorneys is a national one . . . To attract competent counsel to work on any *qui tam* action in this district, the hourly rate paid to such counsel in 'reasonable fees' must be no lower than the rates paid for specialized skills and experience nationally.").)  Mr. Friedman also notes that there is only a small pool of attorneys qualified to lead FCA cases in the Minneapolis area, and that even those attorneys often associate with non-local attorneys in bringing these cases.  (*Id.* ¶ 10.)  In analyzing the contingent fee arrangement of many attorneys representing relators in FCA cases Friedman also states, "[a]ttorneys willing to take on *qui tam* litigation on a contingent basis . . . command a substantially greater effective hourly rate than those who get paid monthly as they work." (*Id.* ¶ 22.)

Ms. Coler's declaration also notes that "FCA litigation, at least from the plaintiff's side, is an extremely risky, complex and time-consuming enterprise.  Attorneys representing whistleblowers in False Claims Act litigation are typically only paid if the lawsuit is successful" through the FCA's fee-shifting provision or an agreement with the whistleblower.  (Coler Decl. ¶ 6.)  After reviewing the Second Amended Complaint, the orders on the motions to dismiss, and other select portions of the docket, she found, in accordance with her personal experience practicing in Minneapolis in the area of FCA litigation, that this case was particularly complex.  (*See id.* ¶¶ 10-13.)  Ms. Coler concluded that, based on her experience in this district, a Minneapolis-based law firm "typically would

not take on a case of this complexity and magnitude without assistance from one or more other law firms with highly specialized experience litigating declined FCA cases." (*Id.* ¶ 14.) Ms. Coler also found the proposed rates "within the range of reasonableness for the representation of whistleblowers in comparably complex False Claims Act cases in the District of Minnesota by local attorneys of similar experience, representation and background." (*Id.* ¶ 19.) She notes that, with 32 years of experience her present hourly rate is $740, and an associate in her firm's FCA/Whistleblower practice group with five years of experience has a billing rate of $385 per hour. (*Id.* ¶ 20.)

Defendant objects to these rates, arguing that they are much higher than the prevailing market rates for attorneys in the Minneapolis area for performing similar work. (Def.'s Mem. in Opp'n at 8.) The rates are particularly inflated, Defendant argues, as notwithstanding the complexity of the underlying litigation, "[n]o specialized skills or experience were needed" to bring a routine discovery motion such as the one currently at issue. (*Id.* at 13-14; *see also* Def.'s Reply at 3, ECF No. 397 ("The underlying discovery dispute at issue in the Sanctions Motion may have occurred in an FCA case, but it required no specialized knowledge of the FCA.").) Defendant also attacks the sufficiency of the Friedman and Coler declarations (*Id.* at 11-13) and argues that Relator's contingency fee agreement should not apply at this juncture. (*Id.* at 14.) Though it has not submitted any declarations by local attorneys who deem the fees unreasonably high, Defendant proposes that the Court apply an hourly rate of $450 for partners, $350 for associates, and $150 for paralegals. (*Id.* at 15.)

11

The Court agrees with Defendant's position that its counsels' hourly rates are largely irrelevant to the Fee Petition (*see, e.g.*, Def.'s Reply at 5) and acknowledges that this is a fee award related to a sanctions motion as opposed to any award post-judgment where the fee shifting would be guided by provisions of the FCA. (*See* Def.'s Mem. in Opp'n at 14; Def.'s Reply at 4-5.) Conversely, as the Court has previously summarized, this was a complex, years-long case which was extremely litigious though the close of discovery. *See Higgins*, 2020 WL 968218, at *1-8; *see also id.* at *12 ("[T]he court has admonished both parties' conduct throughout discovery."). And, while the Court understands that a discovery dispute may be less complex than the ultimate merits of the case, the complexity of the case as a whole necessarily affected the discovery and the Sanctions Motion currently at issue. (*See, e.g.*, Clairmont Decl. ¶ 23 (Defendant "produced nearly 600,000 pages of documents and the parties took 35 depositions in 10 states across the country.").)

The attorneys in this case are skilled and experienced at representing whistleblowers in FCA cases, which is a specialized area of practice. (*See* Clairmont Decl.) Relators have also produced evidence of rates charged by comparably skilled and experienced attorneys in Minneapolis. (*See* Coler Decl.) The Court also notes that recently in this district, courts have approved similar rates when the circumstances are appropriate. *See Miller v. Bd. of Regents of Univ. of Minn.*, 402 F. Supp. 3d 568, 591-92 & 591 n.17 (D. Minn. 2019) (finding that the award of up to $750 for attorneys and up to $250 for paralegals did "not exceed the upper limit of what professionals with comparable experience, expertise, and reputation command in this market."); *Roeser v. Best Buy Co.*, No. 13-cv-1968 (JRT/HB),

2015 WL 4094052, at *12 (D. Minn. July 7, 2015) (awarding billing rates from $550 to $775 per hour for attorneys and from $100 to $160 per hour for administrative professionals at one firm and billing rates from $250 to $880 per hour for attorneys at another in a consumer fraud class action settlement).

Nevertheless, in accordance with its knowledge and experience with the prevailing rates in the Minneapolis market, coupled with the fact that this was a discovery motion unrelated to the ultimate merits of this case, the Court finds certain requested rates unreasonable. For example, Mr. Filbert's $345 billing rate is high above the rates for administrative professionals in this market. And, while Ms. Coler found the proposed rates within the range of reasonableness for local attorneys with similar experience and background, she makes less than Mr. Miller ($740 per hour as opposed to $773.82) despite six more years of experience. Further, while the Court acknowledges Ms. Coler's assertion that she would rely on other out-of-state law firms in pursuing a case of this complexity and magnitude, it is nevertheless the case that Minneapolis is a sophisticated legal market with experienced attorneys such as Ms. Coler, who represents whistleblowers in FCA cases and is qualified to lead national litigation teams.

Therefore, considering the Court's knowledge and experience with the prevailing rates in the Minneapolis market, the difference in local billing rates provided by Ms. Coler, and the fact that the Sanctions Motion addressed discovery violations that could occur in the context of many types of cases as opposed to the exclusive province of the FCA, the Court finds reasonable and just the following hourly rates to each timekeeper when

calculating the lodestar:  $250 for Mr. Filbert, $740 for Mr. Miller and Ms. Thomas, $645

for Ms. Clairmont, $425 for Mr. DeSantis, and $450 for Mr. Ellerbe:

| Timekeeper | Position | Years of Experience | Rate |
|---|---|---|---|
| David Filbert | Paralegal | 24 | $250 |
| Dan Miller | Partner | 28 | $740 |
| Joy Clairmont | Partner | 22 | $645 |
| Jonathan DeSantis | Associate | 7 | $425 |
| Susan Thomas | Partner | 40 | $740 |
| William Ellerbe | Associate | 8 | $450 |

## 2. Hours Reasonably Expended

The Court next addresses the reasonable number of hours expended.  It is also

Relator's burden to submit evidence supporting the hours worked.  *Hensley v. Eckerhart*,

461 U.S. 424, 434 (1983).  In calculating the lodestar, courts should exclude time that is

"excessive, redundant, or otherwise unnecessary."  *Id.*; *see also Gumbhir v. Curators of

the Univ. of Mo.*, 157 F.3d 1141, 1146 (8th Cir. 1998).  Nevertheless, as a court in this

district has written:

> While the fee applicant must document its fees in order to
> demonstrate its entitlement to the award, "trial courts need not,
> and indeed should not, become green-eyeshade accountants.
> So trial courts may take into account their overall sense of a
> suit, and may use estimates in calculating and allocating an
> attorney's time."

*Ewald v. Royal Norwegian Embassy*, No. 11-cv-2116 (SRN/SER), 2015 WL 1746375, at
*4-5 (D. Minn. April 13, 2015) (quoting *Fox* 563 U.S. at 838).

Relator's counsel states they have exercised billing judgment in reducing by 50
percent time entries Defendant challenged prior to the filing of the Fee Petition, which
would reduce their fee award by $8,234.50.  (Mem. in Supp. at 24.)  The Court, however,
will complete its own analysis.

The Court begins with the directive it issued in its Order awarding sanctions,
namely, that Defendant was ordered to "to pay all Relator's reasonable costs and attorney's
fees ***related to briefing and arguing the sanctions motion.***"  *Higgins*, 2020 WL 968218,
at *15 (emphasis added).  Though the Court appreciates that Relator expended time and
effort preparing the original status letter presented to Magistrate Judge Rau on this issue,
the Order was clear that fees would be awarded for briefing and arguing the Sanctions
Motion.

### a. Reduction of Hours for Initial Letter

The Court will eliminate the time expended on the preparation of the initial letter
sent to Magistrate Judge Rau, and thus will exclude those entries from the lodestar
calculation.  This encompasses any entries made for work completed before August 23,
2019.  (*See* Ex. 1 to Clairmont Decl.) The Court thus excludes 3.7 hours from Mr. Miller's
time; 11.7 hours from Mr. DeSantis's time; and 1.6 hours from Mr. Ellerbe's time.  This
reduces the lodestar accordingly:

| Timekeeper | Position | Years of Experience | Rate | Hours | Total |
|---|---|---|---|---|---|
| David Filbert | Paralegal | 24 | $250 | 1.7 | $425 |
| Dan Miller | Partner | 28 | $740 | 35.4 | $26,196 |
| Joy Clairmont | Partner | 22 | $645 | 2.5 | $1,612.50 |
| Jonathan DeSantis | Associate | 7 | $425 | 43.3 | $18,402.50 |
| Susan Thomas | Partner | 40 | $740 | 19.4 | $14,356 |
| William Ellerbe | Associate | 8 | $450 | 9.2 | $4,140 |
| TOTALS | | | | 111.5 | $65,132 |

### b. Other Challenges and Lodestar Reduction for Vague Entries

Defendant makes further challenges to the number of hours Relator's counsel puts forth in the Fee Petition. It argues that there are duplicative and unnecessary time entries; that Relator overstaffed litigating the Sanctions Motion; and that the narratives for the time entries are vague, contain descriptions unrelated to briefing and arguing the Sanctions Motion, and contain block-billing. (Mem. in Opp'n at 15-24.) Defendant also argues that the fees related to travel should be excluded from the lodestar calculation. (*Id.* at 25.)

Relator's memorandum and the supporting declaration of Ms. Clairmont describe that the complexity of the discovery dispute and voluminous record counsel needed to review demonstrate the need for multiple attorneys working for over 125 hours on the Sanctions Motion. (Mem. in Supp. at 4-6; Clairmont Decl. ¶¶ 15-21.) Notwithstanding the Court's exclusion of the time spent by Relator's counsel in preparing the August status letter, in large part, the amount of time Relator's counsel expended on the Sanctions Motion is supported by the record. Like many other disputes during the lengthy and contentious

discovery period, the Sanctions Motion was highly contested.  *See Higgins*, 2020 WL 968218, at *1-8 (providing a detailed history of discovery between the parties, summarizing various disputes, and noting that "[t]he parties have submitted extensive briefing and exhibits in connection with the [sanctions] motion and appeal" while citing to 11 documents.)  This motion was briefed, ruled on, objected to (which necessitated further briefing), and finally argued before the undersigned.  To demonstrate the magnitude of this discovery motion, the Court uses as examples that Defendant attached 37 exhibits to its memorandum in opposition to the Sanctions Motion (ECF No. 292) and that Defendant filed a 14-page objection to the Oct. 16 Order later vacated by Judge Ericksen.  (ECF No. 318.)  The time spent briefing and arguing the Sanctions Motion was reasonable in light of the procedural history of the motion.

The Court also finds that the fees associated with travel time are reasonable given the Court's adjustment of certain timekeeper's hourly rates and because they are reasonable costs and fees related to arguing the Sanctions Motion.  *See Higgins*, 2020 WL 968218, at *15.  The Court will not deduct the fees associated with travel time from the lodestar.

The Court, however, will reduce the award under the lodestar method because of the vague nature of certain entries provided by Relator.  *See G.C. v. South Washington Cty. Sch. Dist. 833*, No. 17-cv-3680 (DSD/TNL), 2019 WL 1466046, at *2 (D. Minn. Apr. 3, 2019) ("Because the Court 'cannot determine the appropriate fee from the record, it must exercise its discretion in reducing the fee award.'") (quoting *MacGregor v. Mallinckrodt, Inc.*, No. 01-cv-828 (DSD/SRN), 2003 WL 23335194, at *13 (D. Minn. July 21, 2003) (additional citation omitted)).  Relator has not met his burden to establish certain billing

17

entries have adequate connection to the briefing and arguing of the Sanctions Motion.  In certain instances, this confusion is caused by entries which are listed with vague block billing, some unrelated to the Sanctions Motion.  By way of example, the following entries seem to have little or no connection to the Sanctions Motion and/or combine time related to the Sanctions Motion and other work:

| Employee | Date | Hours | Narrative |
|---|---|---|---|
| JPC Clairmont, Joy P | 2/28/2020 | 1.5 | Reviewed Court's Order on discovery violations; reviewed and revised email to defense counsel re: Version 1 devices; reviewed WHE's email re: same; communicated with team re: revised case schedule per Court's Order. |
| SST Thomas, Susan S. | 11/10/2019 | .8 | Emails re advising BSC of issues for letter; emails re Judge Rau. |
| SST Thomas, Susan S. | 11/11/2019 | .7 | Revise, edit letter to magis. |
| SST Thomas, Susan S. | 11/12/2019 | .7 | Review correspondence and draft response re disc disputes. |
| WE Ellerbe, William | 10/23/2019 | 1.7 | Weekly meeting with litigation team to discuss expert discovery and |

(Ex. 1 to Clairmont Decl. at 2-6.)

The Court appreciates that Relator has exercised billing judgment by voluntarily taking a 50 percent reduction to the time entries they viewed as "potentially subject to [Defendant's] vagueness argument," which results in reducing the lodestar by $8,234.50. (Reply in Supp. at 11, ECF No. 394.)  The Court, however, has done its own review of the time entries and will reduce the lodestar by 20 percent, consistent with its review of the entries and "with decisions reached in other cases where parties presented inadequate documentation of attorney fees."  *G.C.*, 2019 WL 1466046, at *2; *see also Safelite Grp.,*

*Inc. v. Rothman*, No. 15-cv-1878 (SRN/KMM), 2017 WL 3495768, at \*6 (D. Minn. Aug.

11, 2017) (noting that while the Eighth Circuit does not prohibit block billing, block billing

nevertheless "makes it difficult to determine the amount of time apportioned" between

claims.)  This reduction results in a lodestar of $52,105.60.[8]

### 3. Further Lodestar Adjustment

Defendant seeks a downward adjustment of the lodestar based on Relator's lack of

success on the motion and also requests that the Court exclude all fees incurred in opposing

the appeal of Magistrate Judge Rau's October 16, 2019 Order.  (Mem. in Opp'n at 27-30.)

"After the Court determines the lodestar, it may adjust the figure upward or downward,

after taking into account various considerations, including the most important factor—the

results obtained."  *Libertarian Party of South Dakota v. Krebs*, No. 15-4111, 2018 WL

4762966, at \*5 (D.S.D. Oct. 2, 2018) (citing *Hensley*, 461 U.S. at 434).  Courts regularly

consider the following factors:

> (1) the time and labor involved; (2) the novelty and difficulty
> of the question; (3) the skill requisite to perform the legal
> service properly; (4) the preclusion of employment by the
> attorney due to the acceptance of the case; (5) the customary
> fee; (6) whether the fee is fixed or contingent; (7) time
> limitations imposed by the client or the circumstances; (8) the
> amount involved and the results obtained; (9) the experience,
> reputation and ability of the attorney; (10) the "undesirability"
> of the case; (11) the nature and length of the professional
> relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3 (citing the factors set forth in *Johnson v. Georgia Highway*

*Express, Inc.*, 488 F.2d 714, 718-19 (5th Cir. 1974)).  "[T]here is a strong presumption that

---

[8] $65,132 x .20 = $13,026.40 adjustment.  $65,132 - $13,026.40 = $52,105.60.

the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

Defendant seeks a 38 percent reduction of the relief sought because the Court only granted 12 of 31 requests made by Relator in the Sanctions Motion. (Mem. in Opp'n at 28.) But calculating "success" on a sanctions motion is not so formulaic. The Court first notes that its Order specified that Defendant's sanctionable conduct was serious and unjustified. *See Higgins*, 2020 WL 968218, at *12 (highlighting Defendant's sanctionable conduct and stating, "Boston Scientific's failure to provide witness information in its Rule 26 disclosures until the final hours of discovery is not justified, much less *substantially* justified."); *see also id.* at *13 ("But here, the whole of discovery was strained."). Further, the Court could have remedied the sanctionable conduct through a number of options under Rule 37. *See id.* ("Here, the parties have submitted several rounds of briefing related to the sanctions motion and presented additional argument at the motions hearing, opening the full panoply of remedies to the Court."). Tailoring the remedies to the particular circumstances of the case, the Court chose to award fees and order further discovery as opposed to excluding certain evidence or giving adverse inferences. *Id.* at *13-15.

Nevertheless, when considering the *Johnson* factors, as well as the results obtained by Relator, the Court considers an approximately $55,000 fee award on a discovery sanctions motion unreasonably high. A recent award of fees and costs pursuant to Rule 37(b)(2) in this district was just less than $20,000. *See Darmer v. State Farm Fire and*

*Cas. Co.*, No. 17-cv-4309 (JRT/KMM), 2020 WL 1558137 (D. Minn. Feb. 24, 2020) (awarded pursuant to counsel's abuse of the discovery process including during initial production), *report and recommendation adopted*, 2020 WL 1550725 (Apr. 1, 2020); *cf. Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER) & No. 14-cv-4181 (SRN/SER), 2018 WL 617972, at *14 (making an overall downward reduction in part due to "lower awards in similar cases"). The Court will therefore apply a downward reduction. Balancing the *Johnson* factors with the complex and litigious nature of this case, along with the experience, reputation, and ability of Relator's counsel, the Court finds that an overall downward reduction of 25 percent is reasonable. This results in a fee award of $39,079.20.[9]

### 4. Expenses

Relator seeks $2,565.38 in expenses. (Exs. 2 & 3 to Clairmont Decl.) Defendant argues that the travel expenses should not be recovered. (Mem. in Opp'n at 26.) The Court disagrees. It ordered Defendant "to pay all Relator's reasonable costs and attorney's fees related to briefing and arguing the sanctions motion." *Higgins*, 2020 WL 968218, at *15. Traveling to argue the Sanctions Motion before the Court was a reasonable expense. *See Short v. Manhattan Apts., Inc.*, 286 F.R.D. 248, 257 (S.D.N.Y. Oct. 11, 2012) (awarding travel costs for travel time spent handling noncompliance with discovery orders); *see also* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both, to pay the reasonable

---

[9] $52,105.60 x .25 = $13,026.40 adjustment. $52,105.60 – $13,026.40 = $39,079.20.

expenses, including attorney's fees."); Fed. R. Civ. P. 37(c)(1)(A) (a court "may order payment of the reasonable expenses, including attorney's fees.").

### 5. Conclusion on Fees and Expenses Related to the Sanctions Motion

The Court finds that awarding Relator $41,644.58 in fees and expenses related to briefing and arguing the Sanctions Motion reasonable and fair in this case.[10]

### B. Fees on Fees

"[A] party moving for attorneys' fees may also recover fees for the time expended in filing a motion for attorneys' fees." *Sunlighten, Inc. v. Finnmark Designs, Inc.*, No. 2:20-cv-00127-JAD-EJY, 2021 WL 3010010, at *2 (D. Nev. July 15, 2021) (awarding "fees-on-fees" in context of Rule 37 sanctions motion); *see also Novick v. AXA Network, LLC*, No. 07-cv-7767 (AKH)(KNF), 2015 WL 764021, at *4 (S.D.N.Y. Feb. 23, 2015) ("[U]nless there are reasons to the contrary, motion costs should be granted whenever underlying costs are allowed . . . plaintiff is entitled to the reasonable attorneys' fees he incurred in making the instant fee application.") (quotation omitted).

Relator seeks recovery in the amount of $40,892.38 for the time spent on the Fee Petition and reply, noting that he "does not seek recovery for the considerable time spent on the parties' unsuccessful negotiations, including preparation of lengthy letters that essentially took the form of legal briefs." (Miller Decl. ¶ 7.) Counsel submits that 74.8 hours were expended to litigate the Fee Petition and reply and that this was a reasonable number of hours due to "the volume and nature of the various arguments that [Defendant]

---

[10] $39,079.20 (fees) + $2,565.38 (expenses) = $41,644.58 total award.

raised in opposition to Relator's entitlement to fees, which required Relator to undertake extensive research to respond to these arguments and to brief them in the Petition and Reply." (Miller Decl. ¶ 14.) Defendant argues that these "fees on fees" should be excluded or reduced. (Def.'s Reply at 10-11.)

The Court has already adjusted the hourly rates of certain timekeepers, which results in the following lodestar associated with preparing the Fee Petition and reply:

| Timekeeper | Position | Years of Experience | Rate | Hours | Total |
|---|---|---|---|---|---|
| Dan Miller | Partner | 28 | $740 | 15.1 | $11,174 |
| Joy Clairmont | Partner | 22 | $645 | 7.3 | $4,708.50 |
| Jonathan DeSantis | Associate | 7 | $425 | 51.3 | $21,802.50 |
| Susan Thomas | Partner | 40 | $740 | .3 | $222 |
| William Ellerbe | Associate | 8 | $450 | .8 | $360 |
| TOTALS | | | | 74.8 | $38,267 |

The Court's review of Relator's submissions shows clearly described time entries associated with drafting the Fee Petition and reply brief. (Ex. 2 to Miller Decl. at 2-4.) These entries do not suffer from some of the issues discussed above. *See supra* Section III(A)(2)(b) (discussing the time entries relating to bringing and arguing the Sanctions Motion). The Court therefore will not apply the same 20 percent adjustment for vague entries. *See id.* With reasonable fees and expenses related to the Sanctions Motion totaling $41,644.58, however, a total fees-on-fees request of $38,267 is excessive. Expending 74.8 hours of attorneys' time with Relator's counsels' commensurately high rates would result in an award for fees-on-fees that is nearly the amount of the reasonable fees and expenses

the Court is awarding for fees and expenses related to the Sanctions Motion. This is not proportional or reasonable. The Court will apply a 30 percent reduction to reflect the downward reduction of the lodestar. *See supra* Section III(A)(3). The Court finds an award of $26,786.90[11] reflects reasonable recovery to Relator in pursuing its award of costs and fees for briefing and arguing the Sanctions Motion.

### C. Conclusion

The Court finds that awarding Relator $68,431.48 in reasonable expenses, including attorney's fees is reasonable and just.[12]

## IV. ORDER

Based on the foregoing, and the file, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Relator's Fee Petition Arising from Sanctions Order (ECF No. 379) is **GRANTED IN PART** and **DENIED IN PART** as specifically outlined herein.

2. Within 30 days of the date of this Order, Defendant shall pay Relator $68,431.48 as reasonable compensation for the attorneys' fees and costs that Relator incurred in connection with briefing and arguing the Sanctions Motion.

Date: September  3 , 2021                              *s/Tony N. Leung*
                                                       Tony N. Leung
                                                       United States Magistrate Judge
                                                       District of Minnesota

                                                       *Higgins v. Boston Scientific Corp.*
                                                       Case No. 11-cv-2453 (JNE/TNL)

---

[11] $38,267 x .3 = $11,480.1 reduction.  $38,267 - $11,480.1 = $26,786.9.

[12] $39,079.20 fee award for time related to briefing and arguing the Sanctions Motion + $2,565.38 in expenses related to briefing and arguing the Sanctions Motion + $26,786.90 fee award for time related to preparing the Fee Petition and reply = $68,431.48.